Rebecca L. Hill (06246)
CHRISTENSEN & JENSEN PC
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
801-323-5000
rebecca.hill@chrisjen.com

David T. Brown (*pro hac vice application forthcoming*)
Christopher D. Blum (*pro hac vice application forthcoming*)
KAUFMAN DOLOWICH & VOLUCK, LLP
135 S. LaSalle Street, Suite2100
Chicago, IL 60603
312-759-1400
dbrown@kdvlaw.com
cblum@kdvlaw.com

*Counsel for The Hanover Insurance Company*

| IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH | |
|---|---|
| **KTS HOLDINGS LLC d/b/a SOAR TRANSPORTATION GROUP,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE HANOVER INSURANCE COMPANY,**<br><br>**Defendant.** | **Case No. 2:20-CV-00125-CW**<br><br>**NOTICE OF REMOVAL**<br><br>**Judge Clark Waddoups** |

PLEASE TAKE NOTICE THAT Defendant The Hanover Insurance Company ("Hanover"), pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, hereby removes this action from the Third Judicial District Court of Salt Lake County, Utah (the "State Court"), where it was known as Case No. 200900902, to this Court and as grounds for removal states:

## NATURE OF REMOVED ACTION

1.      Plaintiff KTS Holdings LLC d/b/a Soar Transportation Group ("Soar") commenced this action by filing its Complaint against Hanover on February 3, 2020 in the State Court.

2.      Count I of Soar's Complaint seeks a declaratory judgment that Hanover is obligated under the crime coverage part of an insurance policy it issued to Soar (the "Policy") to  indemnify Soar for $814,799.81 purportedly taken from Soar by its former controller (the "Loss") as well as more than $181,713.44 in certain expenses purportedly incurred in connection with Soar's investigation of the Loss (the "Expenses").

3.      Count II of Soar's Complaint seeks damages for Hanover's alleged breach of its purported obligation to timely indemnify Soar for the Loss and Expenses under the Policy.

4.      Count III of Soar's Complaint seeks damages for Hanover's purported breach of an implied covenant of good faith and fair dealing with respect to Hanover's declination of coverage for the Loss and Expenses under the Policy.

## PAPERS FROM THE STATE COURT

5.      Copies of the summons and Soar's Complaint that were served on Hanover on February 4, 2020 are attached as Exhibit A.

6.      Hanover has not been served with other process, pleadings, or orders in this action.

## TIMELY REMOVAL

7.      Hanover first received notice of the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based, no earlier than February 3, 2020.

8.      Hanover filed this Notice of Removal less than thirty days from February 3, 2020.

9.      Therefore, Hanover's Notice of Removal is timely.

## COMPLETE DIVERSITY OF CITIZENSHIP

10.     Plaintiff Soar is a Delaware limited liability company. (Ex. A at 1.)

11.     Soar has two members: (1) Simon Holding, Inc. and (2) William A. Crider, III.

12.     Simon Holding, Inc. is a Utah corporation with its principal place of business in Utah, and therefore is a citizen of Utah.

13.     William A. Crider, III is a resident of Georgia, and therefore is a citizen of Georgia.

14.     As the members of Soar are citizens of Utah and Georgia, Soar is a citizen of Utah and Georgia.

15.     Defendant Hanover is a New Hampshire corporation with its principal place of business in Massachusetts, and therefore is a citizen of New Hampshire and Massachusetts.

16.     No member of Soar is a citizen of New Hampshire or Massachusetts.

17.     Hanover is not a citizen of Utah or Georgia.

18.     Therefore, no Plaintiff is a citizen of a State of which any Defendant is a citizen.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

19.     Soar seeks to recover damages from Hanover for the purported Loss and Expenses totaling $996,513.25, plus additional amounts. (Ex. A at 5, 8-10.)

20.     Therefore, the amount in controversy exceeds $75,000.

## FILING OF REMOVAL PAPERS

21.     In accordance with 28 U.S.C. § 1446(d), Hanover will promptly file a copy of this Notice of Removal with the Clerk of State Court and give written notice to all adverse parties.

Dated: February 24, 2020                    Respectfully submitted by:

                                            **THE HANOVER INSURANCE COMPANY**

                                            */s/ Rebecca L. Hill*
                                            One of Its Attorneys

                                            Rebecca L. Hill (06246)
                                            CHRISTENSEN & JENSEN PC
                                            257 East 200 South, Suite 1100
                                            Salt Lake City, Utah 84111
                                            801-323-5000
                                            rebecca.hill@chrisjen.com

                                            David T. Brown
                                            (*pro hac vice application forthcoming*)
                                            Christopher D. Blum
                                            (*pro hac vice application forthcoming*)
                                            KAUFMAN DOLOWICH & VOLUCK, LLP
                                            135 S. LaSalle Street, Suite2100
                                            Chicago, IL 60603
                                            312-759-1400
                                            dbrown@kdvlaw.com
                                            cblum@kdvlaw.com

                                            *Counsel for The Hanover Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of February 2020, I caused to be filed via CM/ECF a true and correct copy of the foregoing **NOTICE OF REMOVAL** which sent notification of such filing to the following:

Alan C. Bradshaw
Mitch M. Longson
MANNING CURTIS BRADSHAW & BEDNAR PLLC
136 E. South Temple, Suite 1300
Salt Lake City, Utah 84111
abradshaw@mc2b.com
mlongson@mc2b.com
*Attorneys for Plaintiff*

*/s/ Michelle D. Donohoo, Legal Secretary*